R. S. RANDLES, et al. v. ONA McCARTY, et al.

Eastern Section.    July 24, 1926.

No petition for Certiorari was filed.

1. **Deeds. Delivery. Necessity.**
   Delivery of deed is essential to validity of the conveyance of realty.

2. **Deeds. Evidence. Evidence held not to show a delivery.**
   Where a father made deeds conveying all of his real estate to his children, reserving in himself a life estate, but did not deliver the deeds but put them in a bureau drawer from which his daughter later without his knowl- or consent took her deed and placed it of record, held there was no delivery and title did not pass by the deed.

3. **Estoppel. The fact that the owner permitted his daughter to improve land not sufficient to estop him to claim title to the land.**
   Where a father permitted his daughter and her husband to move on a farm which he intended to deed to them and required them to pay rent and later did not require them to pay rent, when they paid the taxes and made some improvements on the farm, held that the improving of the farm did not equal the payment of the rent and did not estop the father claiming title to the land.

Appeal from Chancery Court, of Knox County; Hon. Chas. Hays Brown, Chancellor.

Affirmed.

Jas. G. Johnson and W. M. Cox, of Knoxville, for appellant.

Thurman Ailor and Fred Houk, of Knoxville, for appellee.

THOMPSON, J.   The bill in this cause was filed on December 6, 1924, by R. S. Randles and wife, Sallie A. Randles, against their daughter Ona McCarty and her husband J. B. McCarty, for the purpose of cancelling and removing as a cloud upon their title a certain deed dated July 3, 1916, executed and acknowledged by the complainants in favor of Ona McCarty, and of record in the Register's Office of Knox county.   The allegations of the bill were that on July 3, 1916, the complainants conceived the idea of dividing their land, at their death, among their four children, Ona McCarty, Hattie Jones, Nora Mae Brakebill and R. H. Randles, and that on said date they executed four deeds, each conveying a tract of land to one of said children.   But it was alleged that "complainants never did deliver said deed to Ona McCarty, or to any of the other children, but kept and retained the same in their possession and in fact changed and modified some of the deeds, and it was the inten- tion of the complainants to change the deed to the defendant, Ona McCarty; and for this reason, the same had never been delivered

and no title under said deed passed to said Ona McCarty." It was further alleged that said Ona McCarty, while in complainants' home, learned of the location of said deed to her in a dresser drawer, and without the knowledge and consent of complainants, "slipped said deed out and delivered it to her husband J. B. McCarty, and said defendant (J. B. McCarty) brought said deed to Knoxville and had it recorded in the Register's Office of Knox county," etc.

The defendants answered the bill and denied that the deed to Ona McCarty had not been delivered. They also denied that Ona McCarty had taken the deed without the knowledge and consent of the complainants. They averred that complainants had told her to take it and that she did in fact take it with their consent. They also averred in their answer as follows:

"Respondents would further show that, some time prior to July 3, 1916, the complainants made an oral or parol division of their said lands, and placed these respondents in charge of the tract of land described in the bill, assuring them at the time that they were giving the same to the said Ona McCarty as her own. These respondents have been in possession of said tract of land since the date they were placed in possession thereof, occupying and using the same as their own; they have paid the taxes assessed against the land, and have made valuable and permanent improvements upon the land, greatly enhancing the value thereof, all of which was done upon consideration of the agreement of the complainants to execute and deliver said deed, and after same had been properly executed, acknowledged and delivered. And they plead and rely upon the actions of the said complainants as aforesaid as a full and complete estoppel against them from insisting upon the claims set up in their bill herein."

Upon the hearing of the case the chancellor made a finding of facts as follows.

"The proof shows that R. S. Randles and wife, Sallie A. Randles, on July 3, 1916, made a deed to Ona McCarty, their daughter, to the following described property (describing it) and placed said deed for safe keeping in a certain bureau drawer, among the valuable papers of said R. S. Randles, with the intention of holding said deed until the said R. S. Randles saw fit to deliver the same.

"And the court further finds as a fact, that the defendant, Ona McCarty, while at the home of her father, in violation of her father's instructions and intentions, and without his knowledge or consent, slipped out said deed and delivered it to her husband, who was then pretending to live apart from his said wife, and instructed him to have it recorded so that they could get title to the property without her father's consent. Said R. S. Randles, after learning of the fraudulent and unlawful removal of said deed, undertook by

telephone to intercept and prevent the registering of the same, but found upon telephoning to the Register's Office that the deed had already been registered. Whereupon, he proceeded immediately to employ counsel to have said deed set aside and for nothing held; and afterwards made a will devising said property to his son, R. H. Randles, and his daughter, Hattie Jones.

"The court finds and holds that there was no delivery of said deed in such way as to convey title; and that the defendant, Ona McCarty, acquired no title in said property by deed so possessed by her and recorded."

It was therefore decreed that said deed be cancelled, set aside and for nothing held, and that any claim to title thereunder be removed as a cloud upon the title of the complainants by reviver, R. H. Randles and Hattie Jones, who had acquired said property and the title thereto under the will of their father, R. S. Randles, who had died during the pendency of the suit. The defendants were taxed with the costs. They prayed and were granted an appeal to this court upon condition that they give bond or otherwise comply with the law, and were allowed twenty days within which to perfect said appeal.

Ona McCarty filed a pauper's oath in lieu of an appeal bond, and has assigned errors in this court. J. S. McCarty did not file an appeal bond or pauper's oath, but he seems to have joined in the assignment of errors.

Upon consideration of the record we think the chancellor's finding of fact was fully supported by the great weight of the evidence, and that his decree was in all things correct. The record shows that R. S. Randles and his wife raised their four children on their farm in Knox county, and that said children all married. Mr. and Mrs. Randles had bought their farm about the year 1890, but in 1914 they bought another tract near the farm and containing about forty-six acres, and rented it to their daughter, Ona McCarty and her husband, J. B. McCarty, to live upon. In 1916, Mr. and Mrs. Randles desired to make a distribution of their land, to become effective at their deaths, among their four children. So on July 3, 1916, they executed and acknowledged four deeds—one each to their four said children. These deeds were all the same except as to the names of the grantees and the descriptions of the tracts conveyed. The deeds to Hattie Jones, Nora Brakebill and R. H. Randles conveyed to each of them about one third of the acreage of the farm proper. The deed to Ona McCarty conveyed the forty-six acre tract which had been bought in 1914 and upon which Ona McCarty and her husband were already living.

In each of the deeds, following the description of the land conveyed, was the following: "The purpose of this deed is to make dis-

tribution of our estate among our heirs and not further or otherwise, yet however we reserve the right to control said land during the term of our natural lives."

Hattie Jones and her husband moved onto the tract covered by the deed to her, and Nora Mae Brakebill and her husband moved onto the tract covered by the deed to her. R. H. Randles (the son) and his wife lived with his father and mother in the home place which was situated on the tract covered by the deed to him (R. H. Randles). But none of the deeds were delivered to the children, and they were retained and kept by R. S. Randles and his wife in a dresser drawer in their bedroom, and Ona McCarty and her husband, Hattie Jones and her husband, and Nora Mae Brakebill and her husband, all paid rent to R. S. Randles and his wife—the rent consisting of one third of their crops.

During the first few years (perhaps through the year 1919) Ona McCarty and her husband turned over one third of their crops to R. S. Randles and wife, and R. S. Randles and wife paid the taxes on the forty-six acre tract. But after that, R. S. Randles and wife did not require them to turn over one third of their crops, but did require them to pay the taxes. This change was made because the crops were so bad.

It seems that just prior to April 24, 1922, R. S. Randles and wife bought two or three acres of land adjoining the farm proper, so on that date they destroyed the deeds previously executed to Hattie Jones and Nora Mae Brakebill, and executed new deeds to them in lieu thereof. In each of the new deeds, following the description of the land conveyed, was the following: "This is to be Hattie Jones' (or Nora Mae Brakebill's) entire interest in the lands of the parties of the first part. The title to this deed is not to pass until the death of the first parties, R. S. Randles and Sallie A. Randles."

These new deeds, like the old ones, were not delivered, but were retained by R. S. Randles and wife and were kept by them in the said dresser drawer, although it seems that for a while Hattie Jones had her deed in her possession. However, this possession of her deed by Hattie Jones seems to have been only for the purpose of verifying and checking the description of the land covered.

Matters went along very nicely until the fall of 1924 when an illicit intimacy and relationship took place between J. B. McCarty and the wife of R. H. Randles which caused the separation of R. H. Randles and his wife. It seems also that J. B. McCarty accused his wife, Ona McCarty, of acts of adultery with some man. This caused J. B. McCarty and his wife to break up their home and separate. He went to his mother's home to live and went to work for a railroad company. She moved their furniture, etc., into the home of

her father and mother, R. S. Randles and wife, and went there to live—taking her three children with her. But in a few days he (J. B. McCarty) began to visit her—slipping into the house at night. And within a week or two, and without the knowledge and consent of R. S. Randles or his wife, she removed the deed to her from the dresser drawer and gave it to him and he had it recorded in the Register's Office of Knox county.

When R. S. Randles discovered that the deed was missing from the dresser drawer he accused her of having taken it. She at first denied having taken it but later admitted that she had and that she had given it to her husband. Then she left the home of her parents and joined her husband, and together they attempted to move back into their home on the forty-six acre tract, but were prevented from doing so by R. S. Randles. Very shortly thereafter R. S. Randles and wife filed the bill in this cause.

It seems to us that under these facts the finding and decree of the chancellor that there had been no delivery of the deed so as to pass title was manifestly correct.

Neither do we think that Ona McCarty or her husband acquired any rights by estoppel or otherwise on account of their having lived on the forty-six acre tract and having made improvements thereon. These improvements were not of as much value as the rent which they were supposed to pay, and the record shows that R. S. Randles made most of them anyway.

In view of all of the foregoing we are of the opinion that there was no error in the decree of the lower court and the same will be affirmed. The costs of the appeal will be taxed against the appellant, Ona McCarty.

Portrum and Snodgrass, JJ., concur.